### THE A. M. BAXTER.

(District Court, D. Washington, N. D. April 4, 1899.)

1. SEAMEN—IMPROPERLY FURNISHED QUARTERS—RIGHT TO ABANDON SERVICE.
   To justify seamen in leaving their vessel before the expiration of their term of service because of a failure to properly heat their quarters in cold weather as required by Act March 3, 1897 (29 Stat. 687, § 2), so as to entitle them to wages for the unexpired time, it should be shown that they made complaint to the captain, and requested that the fault be remedied.

2. SAME—SUIT TO RECOVER WAGES—FORFEITURE OF WAGES EARNED.
   A court will not decree a forfeiture of the wages of seamen for time actually served because they were not fully justified in leaving the vessel at the time they did, before the expiration of their term of service, where the answer to their libel does not ask such relief, nor charge them with desertion, or other substantial grounds for such forfeiture.

This was a libel by John Anderson and others against the schooner A. M. Baxter to recover wages as seamen.

M. M. Madigan, for libelants.

W. H. Gorham, for claimant.

HANFORD, District Judge. The libelants signed shipping articles at San Francisco for a voyage in the schooner A. M. Baxter from San Francisco to Honolulu via Everett, in this state, and return to a port on the Pacific Coast, and served under their contract on the run from San Francisco to Everett, at which place they voluntarily left the vessel; assigning as their reason for doing so that the food supplied to them was bad, and that the forecastle was wet, cold, and uncomfortable. The preponderance of the evidence is against the libelants on the question as to the quality of the food which was served to them. There is no question but what the forecastle was clean and properly ventilated, and complied fully with the requirements of the statute on the subject, except in one particular,—that it was not supplied with any apparatus for heating. At the time they left the vessel the weather was cold; and the crew suffered discomfort by having to work in the wet, chilly weather, without means for drying their clothing, or any artificial heat in their sleeping room. However, to justify their leaving the vessel before the expiration

of the time for which they were hired, they should have first complained to the captain of the discomfort to which they were subjected, and requested him to supply heating apparatus, as required by section 2 of the act of March 3, 1897, entitled "An act to amend the laws relating to navigation." 29 Stat. 687. That request was not made, and, as they left the vessel voluntarily, I hold that they cannot recover wages for services not rendered, nor expenses for their return to San Francisco. They are entitled, however, to receive their wages at the contract rate for the time of their actual service. No reason for refusing to pay them for the time of actual service in the ship is suggested, except that the contract was broken on their part by their leaving the vessel without reasonable cause. The answer, however, does not charge the libelants with desertion, nor allege that they have forfeited their wages by leaving the vessel without the master's consent. Courts do not favor the forfeiture of wages earned by toil and exposure to hardship and danger, to the extent of giving decrees against seamen suing to recover wages, when such relief has not been demanded, and substantial legal reasons therefor alleged, in the respondent's pleading. Let a decree be entered in favor of the libelant Francis for the sum of $22, and in favor of each of the other libelants for the sum of $24, and their taxable costs.