## THE IDA McKAY.

(District Court, D. Washington, W. D. February 26, 1900.)

SEAMEN—RIGHT TO LEAVE SHIP—REFUSAL TO FURNISH WARM ROOM.

The refusal by the captain of a vessel to furnish a warm room for the use of the seamen in cold weather, as required by Act Dec. 21, 1898 (30 Stat. 755), after complaint made to him, is a breach of the shipping articles which justifies the men in leaving the vessel before the expiration of their term of service, and entitles them to recover wages for the time served.

In Admiralty. Suit for seamen's wages. Decree for libelants

Irwin & Bridges, for libelants.
Gorham & Gorham, for claimant.

HANFORD, District Judge. I find, from the pleadings and evidence in this case, that the three libelants were lawfully shipped as seamen on the schooner Ida McKay, for a voyage from San Francisco to Gray's Harbor, thence to the Hawaiian Islands, and return to San Francisco, and proceeded on said voyage from San Francisco to Aberdeen, on Gray's Harbor, and until the arrival of the vessel at Aberdeen they performed their duties faithfully. I find, also, that the vessel failed to provide a safe and warm room for use of the seamen on said voyage, which began in the season of cold weather; and after arrival at Aberdeen the libelants made complaint to the captain of the lack of a heating stove in the forecastle, and that their clothing and bedding were wet, and they were cold. When this complaint was made, the act of congress of December 21, 1898 (30 Stat. 755), had gone into effect, which act, among other provisions, contains an amendment of section 4572, Rev. St., so as to positively require every vessel in the foreign and domestic trade to provide a safe and warm room for use of seamen in cold weather. Therefore, aside from considerations of humanity, the libelants were justified by the laws of the country in complaining of the discomfort which they suffered; but, instead of observing his duty in the matter, the captain positively refused to give any heed to their complaint. The only excuse offered for his conduct is that formerly there had been a stove in the forecastle, and, as he had not inspected the forecastle since August of the preceding year, he did not know that it was not still there; but the court can have no patience with a pretense on the part of the captain of a ship that he does not know how his vessel is furnished or equipped for a voyage, and that the lack of suitable furnishing was not known to him after he had been told of it, because, from sheer obstinacy, he failed to investigate. The next morning after making their complaint to the captain, the libelants showed their resentment of the contemptuous treatment which they had received by refusing to turn to, and thereafter, by the captain's orders, their meals were stopped. They remained with the vessel several days, but finally were obliged to leave her, or submit to the alternative of performing the voyage without the comfort of a warm room in which to live, which they were entitled to under the law.

Under the circumstances, I consider that it would be unjust and oppressive to decree a forfeiture of wages which the libelants earned

by faithful service. This case differs from The A. M. Baxter (D. C.) 93 Fed. 479, in the important particular that the libelants in this case did complain to the captain of the lack of proper heating apparatus before they refused to continue in the service of the vessel; and I hold that in this case the captain is blameworthy, and that the first violation of the contract contained in the shipping articles was on his part. A decree will be entered in favor of the libelants for the amount of their wages at the contract rate, from February 11 to March 3, 1899, both days inclusive, and for costs.